SMITH, ROBERT P., Jr., Associate Judge.
Lucy Carlton Rogers appeals from a circuit court adjudication in the Estate of Perry Carlton, who died intestate April 4, 1970, that Lucy, adopted daughter of the intestate’s deceased brother Lindley, is not an heir at law of the intestate. At the instance of nieces, nephews and others claiming through deceased nieces and nephews, the circuit court held that Lucy’s claim is foreclosed by the Supreme Court’s decision in In re Hewett’s Estate, 153 Fla. 137, 13 So.2d 904 (1943), and that legislation expanding the rights of adopted children since 1941, the critical date in Hewett, does not affect the result.[1]
At the times relevant in Hewett and in the present case the order of devolution of an intestate’s property was provided by § 731.23, F.S., in relevant part as follows:
“(5) If there is none of the foregoing [no surviving spouse, lineal descendants or parent], to the brothers and sisters and the descendants of deceased brothers and sisters.
“(6) If there is none of the foregoing, the estate shall be divided into moieties, one of which shall go to the paternal and the other to the maternal kindred in the following course:

*897 “(b) If there is no grandfather or grandmother, to the uncles and aunts and the descendants of such of them as may be deceased.”
In rejecting Lucy’s claim as the adopted daughter of Perry Carlton’s brother, the circuit court in this case resolved the controversy on the principal if not the only theory there submitted by Lucy, namely, that legislation intervening since 1941 reversed the result in Hewett, supra, n. 1, 13 So.2d 904. We sustain Lucy’s claim as a matter of law, but by another route.
The Court in Hewett held that the claimant, though by statute the heir at law and lineal descendant of her adoptive father, §§ 72.06, 731.30, F.S.1941, could not claim to be a descendant of her father’s mother Thankful Collwell, the deceased aunt of the intestate. The Hewett court rejected claimant’s argument
“that an adopted child could not ‘for the purpose of inheritance be regarded as a lineal descendant of its adopting parents’ without also being regarded as the lineal descendant of its adopting parents’ ancestors . . ..” 13 So.2d at 906.
Therefore, the Hewett claimant was not among the “descendants of such . deceased [uncles and aunts],” to whom the estate passed by operation of § 731.23(6)(b), F.S.1941, supra.
In the present case the question is not whether statutes have made an adopted child the descendant of her father’s ancestors but rather whether statutes have made an adopted child a descendant of her father, that is to say, a descendant of the deceased brother of Perry Carlton, the intestate. Sec. 731.23(5), F.S.1969, supra. Sec. 731.30, F.S.1941 and 1969, providing that the adopted child “shall be regarded as a lineal descendant of his adopting parents,” plainly had that effect, as was recognized by the court in Hewett, 13 So.2d at 907. It follows that appellant Lucy Carlton Rogers, like the other descendants of deceased brothers and sisters of Perry Carlton, was entitled to share in his intestate estate.
REVERSED.
COBB, WARREN H., Associate Judge, concurs.
CROSS, J., dissents.

. Sec. 72.06, F.S.1941, provided that an adopted child “shall be declared the child and heir-at-law of the person applying for his adoption.” In 1943 the Legislature added that the adopted child shall be “entitled to all rights and privileges . . . of a child born to such parent or parents in lawful wedlock.” Ch. 21759, § 16, Fla.Laws 1943; as further amended, § 63.151, F.S.1969. Further legislation in 1973 and 1975, which is not arguably applicable to the present case, created the same “relationship between the adopted person and the petitioner and all relatives of the petitioner that would have existed if the adopted person were a legitimate blood descendant of the petitioner.” Sec. 63.-172(c), F.S.1975. See also § 731.30, F.S.1973.