371 So.2d 878 (1979)
Leslie Diane DODDS and Cheryl Ann Dodds, by John T. Armstrong, Jr., their guardian ad litem
v.
DEPOSIT GUARANTY NATIONAL BANK, Executor of Estate of Mrs. Bettye P. Brown Dodds.
No. 51257.
Supreme Court of Mississippi.
June 6, 1979.
*879 Armstrong & Hoffman, Edward E. Patten, Jr., Hazlehurst, for appellants.
E.R. Arrington, Hazlehurst, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal to determine whether an adopted child may share in a testamentary trust established by a grandmother for the benefit of the children or descendants of her son. The Chancery Court of Copiah County held the adopted child belonged to the class created by the testament and was entitled to participate in the trust dispensations.
Edwin Dodds is the only child of William and Bettye P. Dodds who adopted him in 1942. In September 1959 Edwin married Carol Smith, his first wife, and to this union were born Leslie and Cheryl Dodds, now minors.
Edwin and Carol Dodds were separated in October 1974 and divorce proceedings were filed by her on January 21, 1975. The day before the divorce was filed Mrs. Bettye P. Dodds, then a widow, executed her will creating the testamentary trust. In pertinent part it provides:
ARTICLE IV
I do give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situated to the Deposit Guaranty National Bank, of Jackson, Mississippi, in trust, subject to the uses and conditions and for the following purposes:
1. The Trustee shall hold the above described property in trust for the use and benefit of my son, Edwin Brown Dodds, and shall distribute to my son for the benefit of himself and his children so much of the income and/or corpus as the Trustee in the exercise of its sole discretion may deem to be necessary for the support and maintenance and education of his children, and the Trustee is hereby authorized to accumulate any of the net annual income which is not needed for the purposes above and such accumulated income shall become and be treated as a portion of the corpus.
2. Upon the death of my said son, this trust shall terminate, and the Trustee shall distribute all of the property in the trust to the descendants of my son, Edwin Brown Dodds, per stirpes, provided, however, if at such time any of such descendants shall be under the age of thirty-five years, the Trustee shall continue to hold the share of such descendant in trust for his or her benefit, paying over or applying the income and as much of the principal as the Trustee shall deem advisable for such descendants' support, maintenance and education until such descendant shall become thirty-five years of age, and then to distribute the share of such beneficiary to the beneficiary discharged of such trust. (Emphasis added.)
/s/ Bettye P. Brown Dodds
Mrs. Dodds died on November 22, 1975. Thereafter her will was filed for probate, and inasmuch as the marital status of her son had changed subsequent to the will's execution, the question of the proper beneficiaries of the trust becomes important.
On April 29, 1975, Edwin Dodds was divorced from his first wife by whom he had two children. He married Emma Jane Lambert on February 13, 1976, and later adopted her child by a previous marriage. The adoption decree, in addition to other things, provided:
It is further ordered that from and after this date the said Jerry Matthew Lambert, a white male child born March 2, 1971, in Hazlehurst, Copiah County, Mississippi, shall be to all legal intents, effects and purposes the child of Edwin Brown Dodds and Mrs. Emma Jane *880 Dodds, husband and wife, and that his name be changed to Jerry Matthew Dodds, and the said child is vested with all the incidents, mutual rights, privileges and benefits, duties and responsibilities arising from a natural born parent and child relationship, with full right of inheritance from them and each of them as a son and heir at law and from other children born or which may be born to said adopting parents to the same extent and under the same conditions as provided for by inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi.
It is further ordered that the adopting parents and any other child born or which may be born to said adopting parents shall inherit from said child just as if said child had been born to them in lawful wedlock, and that the said child and the adopting parents, Edwin Brown Dodds and Mrs. Emma Jane Dodds, husband and wife, be and they are hereby vested with all of the rights, powers and duties respectively as if said child had been born to the said Edwin Brown Dodds and Mrs. Emma Jane Dodds, husband and wife, in lawful wedlock, including all rights existing by virtue of Section 11-7-13 of the Mississippi Code of 1972, Recompiled, and that the name of said child be changed to Jerry Matthew Dodds.
Pursuant to a petition for the approval of an accounting of Mrs. Dodds' estate, which included a prayer for judicial construction of the testamentary trust, the trial court held the adopted child would take under the trust along with the natural daughters of Edwin Dodds by his first wife. The guardian ad litem of the natural daughters appeals from such decision.
The guardian contends the trial court erred in its application of the facts to Mississippi Code Annotated section 93-17-13 (1972) because it permits an adopted child to inherit from a collateral relative although the statute limits the inheritance to the adopting parents or the children of such parents.
The appellant also argues the court erred in concluding the testatrix intended an adopted child to be included in the trust.
We think a determination of whether Jerry Matthew Dodds is a child of Edwin Dodds will largely resolve the present issue. There can be no doubt that the appropriate statutory provisions for adoption were followed. There likewise can be no doubt from the adoption decree that Edwin Dodds intended the child of his present wife to be endowed with every right a natural child of their union would have enjoyed. We embrace the language of Thornton v. Anderson, 207 Ga. 714, 64 S.E.2d 186 (1951), to express our thoughts of the adoption statutes. It was there stated:
The adoption statute of our State, as amended by the act of 1949, supra, employs language as broad seemingly as could be used for the legislative purpose of placing an adopted child upon the same level as that of a natural child of lawful birth, in all respects; and in our opinion it was the legislature's intention by the enactment of our adoption law to create a relation between the adopting parent and the adopted child precisely equivalent, in law, to the relation of parent and child as created by natural and lawful birth... .
(207 Ga. at 718, 64 S.E.2d at 189)
And, see In Re Schwab Adoption Case, 355 Pa. 534, 50 A.2d 504 (1947), wherein it is stated:
In Pennsylvania a valid adoption severs the child from its natural family tree and engrafts it upon that of its new parentage. Thereafter the child attains the status, in law, of a natural child of the adopting parents: ...
(355 Pa. at 536, 50 A.2d at 505)
In Fairchild Construction Co. v. Owens, 224 So.2d 571 (Miss. 1969), although the Court was concerned with compensation payments to an adopted child from his natural father, we nevertheless used this significant language in construing the statutes:
We think that it is clear that it was the intention of the legislature in the passage *881 of this adoption act to sever all rights, duties and obligations of the natural parent toward the child adopted, and to bestow those rights, duties and obligations upon the adopting parent just the same as if the child had been born in wedlock to the adoptive parents. The child becomes a member of the adopting family and is given the right to inherit by and through its adopting parents. When Elisha was adopted by Armon B. Bryant she became his child just the same as if she had been born unto him... .
(224 So.2d at 574)
We conclude, as did the trial court, that Jerry Matthew Dodds is the lawful child of Edwin Brown Dodds just the same as if he had been born to Edwin Dodds and his present wife.
If Jerry Matthew Dodds is a child of Edwin Dodds, does Mississippi Code Annotated section 93-17-13 (1972) prohibit his participation in the testamentary trust established by his father's adopting mother? The section provides in part:
The final decree shall adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interests of the child; and its effect, unless otherwise specifically provided, shall be that (a) the child shall inherit from and through the adopting parents and shall likewise inherit from the other children of the adopting parents to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi, and that the adopting parents and their other children shall inherit from the child, just as if such child had been born to the adopting parents in lawful wedlock; (b) the child and the adopting parents and adoptive kindred are vested with all of the rights, powers, duties and obligations, respectively, as if such child had been born to the adopting parents in lawful wedlock, including all rights existing by virtue of section 11-7-13, Mississippi Code of 1972; provided, however, that inheritance by or from the adopted child shall be governed by subsection (a) above; ... (Emphasis added.)
It is immediately observable from the statute that an adopted child shall inherit from and through his adopting parents and similarly from the other children of the adopting parents. The only limitation of the inheritance is that it be governed by "subsection (a)" above which raises the question of whether the legislature intended to distinguish between the rights of inheritance of an adopted child and a natural child. We are unable to discern any such intention but rather conclude the legislature intended to elevate an adopted child to the same status in law as a natural child for inheritance from the adopting parents and their children.
The question remains of whether the trust benefits flow to the adopted child from his adopting father or whether they flow from a collateral relative by adoption, not mentioned in Section 93-17-13(a), that is to say from Mrs. Bettye Brown Dodds who adopted Edwin as her son, who in turn adopted Jerry Matthew Dodds as his son.
The trust provision, Article IV, subsection (1), by its plain terms states that the trustee shall hold the described property for the use and benefit of "my son Edwin Brown Dodds," and "shall distribute to my son for the benefit of himself and his children" so much, etc. An analogous situation was presented in In re Carlton's Estate, 348 So.2d 896 (Fla. 1977). The Supreme Court of Florida stated the following:
In the present case the question is not whether statutes have made an adopted child the descendant of her father's ancestors but rather whether statutes have made an adopted child a descendant of her father, ... (348 So.2d at 897)
Presently, we can say no more than Jerry Matthew Dodds is a descendant of Edwin Dodds and as such is entitled, in our opinion, to share in the trust as a member of the class created by the trust unless there is language within the will directing otherwise.
*882 In considering the language of the will, including the trust, we do so with the realization the testatrix was not unaware of the adoption laws because she and her husband had adopted Edwin. She also unquestionably knew Edwin's age and that he was separated from his wife with the probability of a divorce in the offing. Knowing these things and the likelihood of her son's remarriage and the prospects of other children, the testatrix, rather than limiting the trust benefits to her granddaughters in existence by their names, as she had done in another devise, used the words "his or her" and "per stirpes" in designating the benefits of the trust in the event of the son's death prior to his children reaching thirty-five years of age. The precise language is:
If the descendants survive my son and should die before receiving distribution of his or her share leaving descendants, the share held for such beneficiary shall be distributed to the beneficiary's descendants, per stirpes... .
We think this clearly indicates the testatrix's intention for Edwin's children to share in the trust whether they were then in existence or not. Neither was the trust limited to the natural children of Edwin as could have been easily done. The overall language of the will permits no construction, in our opinion, other than the testatrix's desire to devise to her son the benefits of the trust to be shared with "his children" as a class without distinction as to whether the children were natural or adopted.
We conclude the trial court correctly construed the adoption statute and the testatrix's intention as expressed in her will.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.