SLEDGE *et al. v.* FLOYD.[*]

(Division B. May 25, 1925.)

[104 So. 163. No. 24602.]

ADOPTION. *Adopted child may inherit from both adopted parent and natural parent, if decree of adoption does not prevent inheritance from blood relatives.*

The adoption proceedings under the laws of this state by which a child was made the lawful heir of the adopting parent does not deprive such child of its right to inherit from its blood relatives when there is nothing in the decree of adoption to show such result was intended. Under such circumstances a child may inherit from both the adopted parent and the natural parent.

[*]Headnote. Adoption, 1 C. J., section 128, 129; On right of child adopted in another state to take under local statute of descent and distribution, see notes in 65 L. R. A. 186; 21 L. R. A. (N. S.) 679; 25 L. R. A. (N. S.) 1285, L. R. A. 1916A, 666. 1 R. C. L., pp. 614, 615; 1 R. C. L. Supp., pp. 216, 217.

APPEAL from chancery court of Quitman county.

HON. C. L. LOMAX, Chancellor.

Petition by R. F. Sledge, executor of the will of W. D. Sledge, deceased, for approval of final account and distribution of funds, and asking for judgment whether

Mrs. Clara Floyd would be entitled to share in distribution of estate. From a judgment that Mrs. Clara Floyd should inherit, and fixing her share, Ida Sledge and others appeal. Affirmed.

*Lowell W. Taylor,* for appellants.

This appeal presents for determination one question of law: Whether the appellee is entitled to inherit from her natural father in view of the fact that she has been legally adopted by another. The court erred in holding that Mrs. Clara Floyd was entitled to inherit from J. T. Sledge, and to take any part of the estate of W. D. Sledge, which by law descended to the heirs of J. T. Sledge, deceased. The undisputed evidence showing that long prior to the death of J. T. Sledge she had been legally adopted by Mrs. Katie H. Taylor.

The petition for adoption contained the following: "Your petitioner would further show that she proposes to rear and educate said child with all the care and attention that she would bestow upon her own child, and to make said child an heir at law with all the legal benefits growing out of such relation."

By the adoption proceeding Mrs. Clara Floyd became the child of Mrs. Taylor with right of inheritance from her, and from that time Mrs. Taylor became her legal parent, and the legal relation of a parent and child formerly existing between Mrs. Floyd and J. T. Sledge was superseded and ceased to exist. *Brewer* v. *Browning,* 76 So. 267. In that case this court held that the foster parent inherits from the adopted child to the exclusion of the child's blood kindred, and cited *Re Jobson,* 164 Cal. 312, 43 L. R. A. (N. S.) 1062, with approval.

If by reason of adoption the natural parents cannot inherit from the adopted child, it must necessarily follow that the converse is true and, therefore, the adopted child cannot inherit from its natural parent for, as was said in the above cases, the relation had ceased to exist in a legal sense. This latter proposition has been upheld

by the supreme court of California in the very recent case of *Re Hunsicker*, 223 Pac. 411. See, also, *Re Estate of E. S. Pillsbury, deceased*, 175 Cal. 454, 166 Pac. 11, 3 A. L. R. 1396.

In the case at bar the appellee does not complain of the adoption proceedings by questioning their validity or insisting that the adoption has worked any hardship upon her. It is our surmise that if she were required to elect whether she should inherit from her natural parent or her foster parent she would undoubtedly choose to inherit from her foster parent.

We respectfully submit that the decree of the chancellor should be reversed and that it should be held that Mrs. Clara Floyd is not entitled to participate in the distribution of this estate.

*Wm. W. Goodman*, also for appellants.

Counsel say in their reply brief that to hold that an adopted child cannot inherit from its natural parents would be reading an exception into the statutes of descent and distribution. We respectfully submit that it has no such effect. The statutes of descent and distribution provide that property shall descend and be distributed among the heirs of the deceased. All that the legislature intended was to confer the right of inheritance upon legal heirs. If, as we pointed out in our original brief, an adopted child is no longer the legal heir of its natural parents, then it does not fall within the terms of the statutes of descent and distribution. It cannot be said that this is an exception to the rule. It is just an interpretation of the statutes.

Counsel say that heirship is not a necessary incident to the adoption under the Mississippi statute, and only arises in favor of the adopted child when especially proposed by the adopting parents, and particularly conferred by decree of the court. The statute is certainly broad enough, and contemplates heirship as one of the

necessary incidents of the adoption when it is definitely conferred by decree rendered pursuant to the statute.

That part of the opinion in *Brewer* v. *Browning,* which counsel quote, was a quotation from *Wagner* v. *Varner,* a case which this honorable court refused to follow. Almost immediately thereafter the opinion in the Browning case quotes from Judge FREEMAN's annotations as follows: "The vice of these decisions, in our judgment, lies in the fact that the courts making them give too strict construction to statutes of adoption, and were unwilling to concede that such statutes had any other object than to confer the benefit of heirship to the adopting parents upon the child adopted. The purpose of these statutes we conceive to extend further and embrace heirs, and in effect, to take the child from its parents by birth and to give it to the parents by adoption and to create, as between it and such parents, the reciprocal rights and relations of parent and child, and to give the former both the incidental and the direct advantages of parentage; and we, therefore, think that upon the death of such child intestate, and leaving estate which vests in its parents, that the word "parents" as thus used, should be deemed to designate the adopting parents rather than the parents by birth; for, under the law, it is the former rather than the latter, who occupy the relations of parent to the child at the time of its death."

We respectfully submit that the view adopted by this honorable court in *Brewer* v. *Browning,* and by the California court in the several cases cited in our original brief, is the only reasonable and logical view to be taken. As was pointed out in those cases it is certainly illogical and unreasonable to say that a person can have two fathers and two mothers at the same time. After his adoption, the legal *status* of parent and child is established between the adopting parent and the child, and that necessarily supplants the relation theretofore existing between the child and its natural parent.

*Montgomery & McClure,* for appellee.

The chancellor, by decree, adjudged that appellee was not deprived of her right to inherit through her natural father, J. T. Sledge, because of the adoption proceeding. His decree, we submit, is sustained by natural justice, reason and authority.

SOURCE OF RIGHT TO ADOPT. The processes known to our jurisprudence as "Adoption of Children," by virtue of which relations of paternity and affiliation are recognized as legally existing between persons not so related by nature was never recognized by the common law of England, and exists in the United States only by virtue of the statute laws which may be enacted in the several states. 1 R. C. L. 593, sec. 2; 1 Cyc. 917.

Being in derogation of the common law, such statutes will be strictly construed. Certainly courts will not be eager to discover a means to deprive one of valuable property rights secured to him by the general laws in the absence of statutory mandate which unmistakably enjoins the courts to do so. Sec. 1653, Code 1906, sec. 1385, Hemingway's Code; Descent and Distribution. From Sec. 1645, Code 1906, sec. 1381, Hemingway's Code; Sec. 1653, Code 1906, sec. 1385, Hemingway's Code; Sec. 5081, Code 1906, sec. 3369, Hemingway's Code, it will be seen that no exception was engrafted on the statutory law, which would deprive the natural child of the deceased person of the right to inherit from and through him because perchance such child had been legally adopted by a third person.

We submit that to so construe the statute law in respect to descent and distribution, so as to deprive the natural child of a deceased person from inheriting from its ancestor, we must read into the statute an exception which the legislature failed to incorporate in it.

THE ADOPTION STATUTES. Section 542, Code 1906, section 299, Hemingway's Code, established the jurisdiction and regulates the procedure in respect to the adoption of a child by another in Mississippi. Within the terms of this section must be found the authority to adopt, as

well as the benefits and responsibilities growing out of the proceeding.

It will be seen that the statute does not attempt and does not purport to do the impossible, viz., to sever the cord of consanguinity existing between the adopted child and the natural parent. The law was not designed and does not purport to take from the adopted child any rights and benefits it enjoyed in respect to inheriting from its blood-kin. Its purpose is manifestly to bestow additional benefits upon the child in respect to its right to inherit from the adoptive parent by virtue of the adoption proceeding.

The laws of descent and distribution are universally built on and around the idea of blood-kinship. Statutes in respect to adoption are *in pari materia* with statutes of descent, and both statutes should be construed together as if they constituted one law. Furthermore these statutes are universally strictly construed as against the adopted child and liberally in its favor. 1 C. J., 1385.

Heirship is not a necessary incident to the adoption under our statute, and only arises in favor of the adopted child when specifically proposed by the adopting parent, and particularly conferred by the decree of the court. *Beaver* v. *Crump,* 76 Miss. 34; *Leonard* v. *Lumber Company,* 107 Miss. 345; *McLean* v. *McAllum,* 131 Miss. 234.

It is manifest from the petition and the decree that it was not contemplated that the adopted child should surrender any right or benefit which she held and enjoyed as the natural child of her father, J. T. Sledge; that the consideration for the adoption of the minor was the added benefits to be derived by her by virtue of her adoption.

While the precise question involved in the case at bar was not involved in *Brewer* v. *Browning,* 115 Miss. 358, it is most significant that a majority of the court, speaking through Justice ETHRIDGE, at 371, of the opinion, made the following announcement: "Has its relationship with its natural parents been disturbed by the act of adoption by which they relinquish all control over it and consent that it should become in law the child of

others? So far as its rights of inheritance are concerned they probably extend to both families to the extent of entitling it to inherit from both the adopting and natural parents.''

We respectfully urge that this is the general rule of law and is supported by all the Encyclopaedias in general use by the Bench and Bar at this time, and a vast majority of the cases on the subject. 1 Cyc. 933; 1 R. C. L. 614, sec. 26; 1 C. J. 1400, sec. 129. For cases in point supporting the above announced rule, we cite: ` Clarkson v. Hatton (Mo.), 65 A. S. R. 635, 39 L. R. A. 748; Humphries v. Davis, 100 Ind. 274, 50 Am Rep. 788; Wagner v. Bonner, 50 Iowa, 532; Delano v. Bruerton, 148 Mass. 619, 2 L. R. A. 698; Morgan v. Reel, 213 Pa. 81, 62 Atl. 253.

Adjudications of foreign courts on statutes in respect to adoption which are totally dissimilar in their provisions to the statute law of Mississippi, furnish no guide for the construction of our statutes. Beaver v. Crump, 76 Miss. 57.

For this reason the cases decided by the supreme court of California and cited in the brief of the counsel for appellant in this case furnish no precedent for this court in construing our local statutes in respect to the status created by adoption proceedings. As pointed out by Chief Justice SMITH in the dissenting opinion prepared by him in Brewer v. Browning, 115 Miss. 358 at 393, the statute law of California is totally dissimilar to our law.

We respectfully submit that the decree of the learned chancellor, who tried this case in the court below, should be sustained. Any other conclusion would be unjust, unnatural and contrary to the plain intent of the legislature as embodied in the statute laws of our state respecting descent and distribution and adoption of children.

Argued orally by L. W. Taylor, for appellants, and F. H. Montgomery, for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This appeal presents for determination the question of whether the appellee is entitled to inherit from her natural father in view of the fact that she had been adopted by another person.

W. D. Sledge died in Quitman county, disposing of his property by will under the terms of which R. F. Sledge was the executor. J. T. Sledge was one of the sons of W. D. Sledge, and was bequeathed a one-fifth interest in the personalty by the will of W. D. Sledge, but predeceased the testator, his father, leaving certain children and grandchildren. Among the natural children of J. T. Sledge is Mrs. Clara Floyd, the appellee, but said appellee, was, on the 22d day of August, 1892 legally adopted by Mrs. Katie H. Taylor by a proceeding had in the chancery court in which adoption proceeding the appellee was made an heir of Mrs. Katie H. Taylor. The petition for adoption in that proceeding in 1892 recited:

"Your petitioner would further show that she proposes to rear and educate said child with all the care and attention that she would bestow were the child her own, and to make said child an heir at law with all the legal benefits growing out of such relation."

The petition also prayed for the name of the child to be changed, and was joined in by J. T. Sledge, the father of the child. The child was described in the petition as a child of J. T. Sledge, and that the child's mother was dead, etc.

The decree of adoption was regular in all respects, and the child was reared by Mrs. Taylor.

R. F. Sledge, the executor of the will of W. D. Sledge, filed his petition for approval of his final account as executor and for distribution of the funds in hand, and prayed for the judgment of the court as to whether Mrs. Clara Floyd would be entitled to share in the distribution of the said estate, setting up in his petition the facts relative to the adoption of the said child by Mrs. Tay-

lor, and averring that she had no right to participate in the distribution of said estate.

The chancellor, after hearing the matter, decreed that Mrs. Clara Floyd should inherit, and fixed the share she should take, and from this judgment this appeal is prosecuted.

The appellant relies upon *Brewer* v. *Browning,* 115 Miss. 358, 76 So. 267, 519, L. R. A. 1918F, 1185, Ann. Cas. 1918B, 1013, as authority for the position that the adoption proceeding cut off the capacity of the natural child to inherit from his natural parent. Appellant also cites and relies upon *Re Jobson,* 164 Cal. 312, 128 P. 938, 43 L. R. A. (N. S.) 1062; *Re Hunsicker* (Cal. App.), 223 P. 411; *Re Estate of E. S. Pillsbury,* 175 Cal. 454, 166 P. 11, 3 A. L. R. 1396.

In *Brewer* v. *Browning, supra,* Mr. and Mrs. Rule adopted a child under the laws of Kentucky, and among other benefits conferred upon said child was that of being made a full heir at law. After the adoption proceeding was had, Mr. Rule died, leaving a considerable estate, which under the law went to his wife and child in equal parts. Mrs. Rule afterwards married a second time, and the adopted child died, and shortly after the death of the child Mrs. Rule, who had then become Mrs. Fisher, died, and Mr. Fisher, the husband of the adopted mother, Mrs. Lula A. Rule Fisher, conveyed the property to Brewer. The adopted child prior to the adoption proceedings, was named Browning, and her natural brothers and sisters filed a suit for the adopted child's interest in the estate of Mr. Rule. That case presented the question for decision as to whether the property inherited from adopted parents on the death of the child would go to the heirs of the adopted parents rather than to the blood relatives of the child. We held that the adopted mother of the child took from the child by inheritance the estate which the adopted child had inherited from the adopted father, Mr. Rule. In the *Brewer Case,* 115 Miss. at page 371, 76 So. 272, L. R. A. 1918F, 1185, Ann. Cas. 1918B, 1013 we said:

"In *Wagner* v. *Varner* 50 Iowa, 532, the court said that, upon the death of an adopted child, intestate and without wife or descendant, may its heirs at law be sought in the family under which it was born or in the family of which it became a part by adoption? Has its relationship with its natural parents been disturbed by the act of adoption by which they relinquish all control over it and consent that it should become in law the child of others? So far as its rights of inheritance are concerned, they probably extend to both families to the extent of entitling it to inherit from both the adopting and natural parents."

Our law does not provide in terms that the child on being adopted ceases to be regarded as the child of its natural parents. It does divest the natural parents of the custody and control of the child, but the statutes do not in terms relieve the natural parents from the legal obligations imposed on the parent by law, and do not in terms provide that the child shall cease to be regarded as the child of its natural parent. The adoption proceedings conferred on the child such rights as the proceedings mentioned. It may or may not be made an heir at law. It depends entirely upon the recitals of the petition for adoption and the decree of the court granting the adoption. A person may inherit from others than its blood kin under certain conditions, for instance, from the marriage relation the wife may inherit from the husband, and the husband from the wife without in any manner disturbing the capacity of inheriting from their blood relatives. The statute confers upon the adopted child certain benefits. These do not necessarily deprive it of legal benefits flowing from its blood relations. It may be that the petition and decree could change the law of inheritance, which we do not now decide. The statutes provide for inheritance by children from their parents, and we see no reason why a child adopted by another should not continue to inherit from its blood relations in the absence of a statute or decree specifically providing to the contrary. Where a child is adopted,

and by such adoption made an heir at law of the adopting parents, and receives from, the adopting parents property by reason of · the artificial relationship, and such adopted child dies without children or descendants, the property would go back to the channel from whence it came, and its blood relations would not inherit such property received by virtue of such adoption proceedings. But nothing in the adoption proceedings themselves nor in the statutes authorizing them deprives a child of the right to inherit from its blood relatives. We do not think the statute intended to deprive children of their rights to inherit from their natural parents and blood relatives. To do so would raise grave questions where a child having expectations should be adopted against its consent or without its power to consent during the tender years of minority and thus be deprived of benefits.

There is ample authority for the position that a child may inherit from both natural and adopted parents, and we prefer to align ourselves with that line of authorities which so hold.

The judgment of the court below will therefore be affirmed.

*Affirmed.*