450 So.2d 786 (1984)
Aleine WARREN, Administratrix of Estate of William James Warren, Deceased
v.
Jeremy FOSTER.
No. 54905.
Supreme Court of Mississippi.
May 23, 1984.
G. Kenner Ellis, Jr., Greenville, for appellant.
Thomas L. Segrest, Graham & Segrest, Columbus, for appellee.
Before ROY NOBLE LEE, P.J., and BOWLING and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Aleine Warren, Administratrix of the Estate of William James Warren, deceased intestate, has appealed from a decree of the Chancery Court of Lowndes County, Honorable W.E. Bearden, presiding, holding that Jeremy Foster is the sole issue of William James Warren, deceased, and is entitled to inherit his estate under the law of descent and distribution of the State of Mississippi. The appellant has assigned the following errors in the decree of the lower court, which will be considered together:
(1) The lower court was manifestly in error in declaring a child adopted in the State of Tennessee to be the sole heir of her natural father where there was a Tennessee final decree of adoption and a Tennessee statute divesting such child of any right of inheritance from her natural father.
(2) The lower court was manifestly in error in failing to give full faith and credit to the public acts, records and judicial proceedings of the State of Tennessee pursuant to Article IV, Sec. 1 of the Constitution of the United States.
Jeremy Foster, age ten (10) years, was born to the marriage of William James Warren and Dee Warren. Subsequently, the Warrens were divorced and Dee Warren married Kenneth Wayne Foster. They resided in the State of Tennessee and Kenneth Wayne Foster and Dee Foster adopted Jeremy Warren, whose name was changed to Jeremy Foster. William James Warren died on June 19, 1981, while incarcerated at the Lowndes County, Mississippi, jail. He was survived by his mother, father and nine brothers and sisters, who claimed to be his sole heirs at law. Warren was unmarried and Jeremy Foster was his only issue. Mrs. Aleine Warren, mother of the deceased, qualified as administratrix of his estate, and after lengthy proceedings in the Federal courts, settlement of a doubtful claim was agreed upon, which settlement was approved by the Chancery Court of Lowndes County February 4, 1983. The *787 administratrix's final accounting was filed, preparatory to closing the estate, and Jeremy Foster was made a party to the proceeding and was served with process.
The final decree of adoption of the Chancery Court of Shelby County, Tennessee, provides the following:
IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the adoption prayed for herein be and the same is hereby granted and the relationship of parent and child be and is hereby established between Kenneth Wayne Foster and Jeremy Dee Foster, a minor, as though said child had been born to him in lawful wedlock; and the inheritance rights of all interested parties are hereby adjudged in accordance with the laws of the state of Tennessee.
Tennessee Code Annotated § 36-126 (1955), as amended, states the rights of inheritance of an adopted child:
An adopted child shall not inherit real or personal property from a natural parent or relative thereof when the relationship between them has been terminated by adoption, nor shall such natural parent or relative inherit from the adopted child.
The facts of the case are uncontradicted. After considering the entire record, the chancellor held the following:
The court holds that Mississippi law allows an adopted child to inherit from its natural parent. The Tennessee law, Section 36-126, does not permit an adopted child to inherit from its natural parent.
The general rule is that the law of the place where the property is situated or the law of the decedent's domicile controls the extent or the fact of the right of inheritance when in conflict with the law creating the status. The court holds that Mississippi will recognize the statutes of adoption by the Tennessee court. However, the Mississippi law will be followed as to whether Jeremy Foster can inherit from the father William James Warren, deceased.
The court holds that the respondent Jeremy Foster, as the sole issue of decedent William James Warren, is entitled to inherit his estate under the law of descent and distribution of the State of Mississippi.
The appellant contends that the lower court erred in failing to give full faith and credit to the public acts, records and judicial proceedings of the State of Tennessee in that the Tennessee statute and final decree of adoption rendered by the Chancery Court of Shelby County, Tennessee, divesting Jeremy Foster of any right of inheritance from her natural father, are binding upon the courts of Mississippi.
Appellant cites decisions from other jurisdictions in support of her contention. However, we are of the opinion that the statutes and decisions of the State of Mississippi control in this case and are dispositive of the question.
Mississippi Code Annotated § 11-7-13 (1972), entitled "Actions for Injuries Producing Death" and commonly referred to as the "Wrongful Death Statute" gives a cause of action and right of recovery to a child on account of the wrongful death of his parent. Mississippi Code Annotated § 93-17-13 (1972) entitled "Final Decree and Effect Thereof," in adoption proceedings, states what the final decree must adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interest of an adopted child, the effect on the adopted child, his adoptive parents, and natural parents. While the statute provides that the child and his adoptive parents may inherit from each other and that the natural parents (other than adoptive mother) may not inherit from and through the child, the statute does not state that the adopted child may not inherit by or through his natural parents.
Practically the same legal question was before the Court in Alack v. Phelps, 230 So.2d 789 (Miss. 1970), where a wrongful death claim arose as a result of the death of John B. Phelps. Suit was filed by his administrator in the Federal courts and a compromise settlement of $40,000 was approved *788 by the Chancery Court of Pike County, Mississippi. That court found that Janet Carol Phelps, child of a second marriage between John B. Phelps and Linda Phelps, was the sole wrongful death beneficiary of John B. Phelps and directed that the minor's guardian deposit the $40,000 in the guardianship account.
When 13 months of age, Ronny Phelps and Johnny Phelps, twin children of John B. Phelps' first marriage, were adopted by their paternal grandparents, the adoption decree following Section 93-17-13, supra. The Court said:
Mississippi early reached the decision that, in the absence of express statutory prohibition, the adopted child will inherit from both the natural and adoptive parents. In Sledge et al. v. Floyd, 139 Miss. 398, 104 So. 163 (1925), the Court said:
"The statutes provide for inheritance by children from their parents, and we see no reason why a child adopted by another should not continue to inherit from its blood relations in the absence of a statute or decree specifically providing to the contrary. * * * [139 Miss. at 407, 104 So. at 165.]
"But nothing in the adoption proceedings themselves nor in the statutes authorizing them deprives a child of the right to inherit from its blood relatives. We do not think the statute intended to deprive children of their rights to inherit from their natural parents and blood relatives. To do so would raise grave questions where a child having expectations should be adopted against its consent or without its power to consent during the tender years of minority and thus be deprived of benefits.
"There is ample authority for the position that a child may inherit from both natural and adopted parents, and we prefer to align ourselves with that line of authorities which so hold." 139 Miss. at 408, 104 So. at 165. (emphasis added).
* * * * * *
While the effect of a final decree of adoption is that the natural parent or parents will not inherit by or through the child, and all parental rights are terminated, Mississippi's adoption law does not state in any shape, form or fashion that the right of the child to inherit from its natural parents is terminated. We think the intent of the legislature is clear; they intended for the child to continue to inherit from his or her natural parents.[1]
* * * * * *
Does the bringing of an action under the wrongful death statute by the Administrator of the Estate of John B. Phelps, deceased, which action was compromised and settled solely for the benefit of the minor child of the second marriage, bar the guardian of Ronny and Johnny Phelps, minors, from bringing action in their behalf? We think not. [230 So.2d at 792-793].
As stated supra, Mississippi statutes and decisions govern the question presented here and are dispositive of it. The chancellor correctly decided the question and the decree of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] Alack v. Phelps was decided January 26, 1970, and the legislature has not amended the adoption statute to change the effect of that decision.