845 So.2d 724 (2003)
In the Matter of the ESTATE OF Dale Clayton YOUNT, Deceased.
Debi Yount, Individually as Heir-at-Law and Wrongful Death Beneficiary of Dale Clayton Yount, Deceased, and as Administratrix of Estate of Dale Clayton Yount, and Dale Landon Yount, Minor Heir-at-Law and Wrongful Death Beneficiary of Dale Clayton Yount, By and Through Debi Yount, his Natural Mother and Legal Guardian, Appellant,
v.
Emmitt McKnight, Potential Heir-at-Law and Wrongful Death Beneficiary of Dale Clayton Yount, Deceased, Appellee.
No. 2002-CA-00771-COA.
Court of Appeals of Mississippi.
May 13, 2003.
Ken R. Adcock, Jackson, Mark D. Morrison, Grenada, attorneys for appellant.
Beverly Davis Buskirk, Oxford, James P. Johnstone, D. Scott Yeoman, Pontotoc, Grady F. Tollison, Oxford, attorneys for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
BRIDGES, J., for the court.
¶ 1. This appeal arises from a wrongful death action filed by Debi Yount, following *725 the death of her son, Dale Clayton Yount, who was involved in a fatal automobile accident in July 1996, in Jackson, Mississippi. In February 1997, Debi Yount filed suit against several entities on account of the wrongful death of her son, Dale Clayton Yount. A settlement was reached between the parties, in which, it was agreed that the sum of $450,000 would be paid to the wrongful death beneficiaries of Dale Clayton Yount in satisfaction of all wrongful death claims.
¶ 2. After the court approved the aforementioned settlement, Debi Yount petitioned the Chancery Court of the First Judicial District of Hinds County, Mississippi, for a determination of wrongful death beneficiaries and for authority to settle the estate's wrongful death claim in July 2001. Following a publication of a notice in a newspaper in Pontotoc County, Mississippi, Emmitt McKnight, half-brother of Dale Clayton Yount, made a claim to a portion of the settlement proceeds.
¶ 3. In April 2001, following hearings before the chancellor and after consideration of briefs submitted by counsel, the chancellor rendered an opinion and order, wherein she found that Emmitt McKnight was entitled to a one-third share of the wrongful death settlement proceeds. Debi Yount now appeals to this Court.

STATEMENT OF THE ISSUE

WHETHER AN ADOPTED CHILD IS AN HEIR-AT-LAW AND WRONGFUL DEATH BENEFICIARY OF HIS DECEASED NATURAL HALF-BROTHER SO AS TO ENTITLE HIM TO A PORTION OF THE SETTLEMENT PROCEEDS AS A WRONGFUL DEATH BENEFICIARY.

FACTS
¶ 4. Emmitt McKnight was born to June Yount McKnight and Dale Frank Yount in 1973. However, June and Dale Frank Yount divorced in 1974, due to an alleged affair between June and Lloyd McKnight. After the divorce, June and Lloyd McKnight married, and in 1975, Lloyd McKnight adopted Emmitt, when he was approximately two years of age.
¶ 5. Also in 1975, Dale Frank Yount married Debi Yount, and they had two sons, Dale Clayton Yount and Dale Landon Yount. Dale Frank Yount died in 1993. Neither son had ever known of the existence of Emmitt McKnight and the last time Debi and Dale Frank Yount saw or heard anything about Emmitt was at the time of his adoption. In July 1996, Dale Clayton Yount died as a result of an automobile accident, in which his vehicle was hit by a drunk driver, Sharon L. Mixon. Mixon was insured by Allstate Insurance Company. A settlement was reached between Allstate Insurance Company, the insurance companies providing liability for the establishments which served Mixon alcoholic beverages prior to the accident, and the estate of the decedent, Dale Clayton Yount. This settlement was later approved by the chancellor of the First Judicial District of Hinds County.
¶ 6. Pursuant to applicable statutes and court rules, notice was published to any and all unknown heirs of Dale Clayton Yount. Prior to publication, the administratrix attempted to locate Emmitt McKnight in the Pontotoc telephone directory. However, there was no listing for either Lloyd, June or Emmitt McKnight. Although the publication in Hinds County was legally sufficient, the chancellor required a continuance of the matter to allow for publication to Emmitt McKnight in Pontotoc County. In response to the publication in a Pontotoc County newspaper, McKnight surfaced and asserted that he *726 was a statutory wrongful death beneficiary of Dale Clayton Yount.
¶ 7. At a hearing in November 2001, the court issued an order pursuant to the request of Debi Yount requiring a scientific determination of paternity be made by tissue and blood samples taken from Emmitt McKnight and the body of Dale Frank Yount, deceased. Pursuant to the court's instruction, tissue and blood samples were obtained from McKnight and the body of Dale Frank Yount. At the time of the final hearing before the court in December 2001, the results of the laboratory tests could not exclude Dale Frank Yount as the biological father of McKnight. The chancellor concluded that Emmitt McKnight, as the half-brother of the deceased, was a statutory heir at law and wrongful death beneficiary of Dale Clayton Yount and as such, was entitled to a one-third portion of his half brother's estate.

ANALYSIS

WHETHER AN ADOPTED CHILD IS AN HEIR-AT-LAW AND WRONGFUL DEATH BENEFICIARY OF HIS DECEASED NATURAL HALF-BROTHER SO AS TO ENTITLE HIM TO A PORTION OF THE SETTLEMENT PROCEEDS AS A WRONGFUL DEATH BENEFICIARY.
¶ 8. Whether Emmitt McKnight is an heir at law and statutory wrongful death beneficiary of Dale Clayton Yount is a question of law, and we review questions of law de novo. Estate of Jones v. Howell, 687 So.2d 1171, 1174 (Miss.1996).
¶ 9. Yount argues, and unfortunately misinterprets the case law in Mississippi, that McKnight's claim to a portion of the estate of his deceased half brother is extinguished because of McKnight's adoption. However, as stated in Alack v. Phelps, an adopted child has full rights to inherit from his natural family, just as if there had been no adoption. Alack v. Phelps, 230 So.2d 789, 792 (Miss.1970). The applicable law is sufficiently stated in Alack and reads as follows: "in the absence of a statute to the contrary, although the child inherits from the adoptive parent, he still inherits from or through his blood relatives, or his natural parents." Alack, 230 So.2d at 793. Another case that applies the law concerning this issue is Sledge v. Floyd, 139 Miss. 398, 104 So. 163, 164 (Miss.1925), and even though the adoption section of our code was amended in 1958 (after Sledge), the right of inheritance remains the same. The court, in Sledge, held:
We see no reason why a child adopted by another should not continue to inherit from its blood relations in the absence of a statute or decree specifically providing to the contrary. Where a child is adopted, and by such adoption made an heir-at-law of the adopting parents, and receives from the adopting parents property by reason of the artificial relationship, and such adopted child dies without children or descendants, the property would go back to the channel from whence it came, and its blood relations would not inherit such property received by virtue of such adoption proceedings. But nothing in the adoption proceedings themselves nor in the statutes authorizing them deprives a child of the right to inherit from its blood relatives. We do not think the statute intended to deprive children of their right to inherit from their natural parents and blood relatives. To do so would raise grave questions where a child having expectations should be adopted against its consent or without its power to consent during the tender years of minority and thus be deprived of benefits.
*727 Sledge, 139 Miss. at 398, 104 So. at 165 (cited by Alack v. Phelps, 230 So.2d 789, 792 (Miss.1970); Warren v. Foster, 450 So.2d 786, 788 (Miss.1984)).
¶ 10. Mississippi statutes and the cases mentioned above allow adopted children to inherit from their natural families in order to protect minor children from losing their birthright without consent or knowledge. The tendency of the courts is to construe adoption statutes so as to benefit the child. Alack, 230 So.2d at 792-93. Dale Clayton Yount and Emmitt McKnight are natural siblings, albeit half-blood. They have a parent in common, their father, and pursuant to Miss.Code Ann. § 11-7-13, "there shall not be, in any case, a distinction between the kindred of the whole and half blood of equal degree." Miss.Code Ann. § 11-7-13 (Supp.2002). Therefore, Emmitt McKnight, as the natural half-brother, is a statutory heir-at-law and wrongful death beneficiary of Dale Clayton Yount, deceased, and is entitled to a one-third portion of his half-brother's estate.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.