990 So.2d 807 (2008)
Willena JENKINS, In Her Capacity as Adminstratrix of the Estate of Janice Kaye Jenkins, Deceased, Appellant,
v.
Demarcus Deante JENKINS, Appellee.
No. 2007-CA-01166-COA.
Court of Appeals of Mississippi.
September 16, 2008.
*808 Jamie G. Houston, III, Jackson, T. Mack Brabham, attorneys for appellant.
Edwin L. Bean, McComb, attorney for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Willena Jenkins, administratrix of the estate of her daughter, Janice Jenkins, appeals the judgment of the Chancery Court of Pike County, which determined that one of Janice's heirs at law, DeMarcus Deante Jenkins, would inherit two shares of the estate. The chancellor found DeMarcus entitled to inherit as both an adopted sibling of the decedent, Janice, and as the surviving child of Janice's predeceased sister. We find no error and affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On January 20, 2007, Janice died intestate in Pike County without a spouse, surviving children, or more remote lineal descendants. Janice had been disabled since March 1999 due to an alleged medical malpractice incident. Since that time, she had been in a persistent vegetative state. A lawsuit over the matter was settled, resulting in a large part of the estate at issue.
¶ 3. At the time of her death, Janice was a ward under a pending conservatorship proceeding in the Chancery Court of Pike County. A decree was entered converting the conservatorship to an administration of Janice's estate and appointing Willena as the administratrix. During the course of the administration of the estate, Willena filed a petition for adjudication of heirship to determine Janice's heirs at law. Proper *809 notice was given to all of Janice's possible heirs. On May 29, 2007, a hearing was held on the petition. The chancery court adjudicated the following individuals to be Janice's heirs-at-law: (1) Willena Jenkins, living mother; (2) Edward Jenkins, Jr., living father; (3) Glenn Edward Jenkins, living brother; (4) Linda Faye Jenkins Adams, living sister; (5) Lisa Michelle Jenkins, living sister; (6) John Ellis Jenkins, living brother; (7) Shirley Rosetta Jenkins, living sister by adoption; and (8) DeMarcus Deante Jenkins, living minor brother by adoption. However, one of Janice's sisters, Stephanie Ann Jenkins, had predeceased her. Stephanie left one living descendant, her minor son and natural child, DeMarcus. However, subsequent to his mother's death, on April 18, 1997, DeMarcus was lawfully adopted by his grandparents, Willena and Edward.[1] According to the parties' stipulation of facts, the adoption decree did not preclude or limit the right of DeMarcus to inherit from the estate of his mother, Stephanie.
¶ 4. Also on May 29, 2007, Willena filed a petition for allowance of certain claims and other relief. Within the petition, Willena requested the chancery court adjudicate the apportionment of the estate as it pertains to DeMarcus because of the unusual situation that had arisen. On the one hand, under the applicable statute regarding intestate succession, each of the enumerated heirs would receive a one-eighth share of Janice's estate. Therefore, DeMarcus would be entitled to inherit the share of his deceased mother, Stephanie. On the other hand, as a result of his adoption by Willena and Edward, DeMarcus would also be entitled to inherit as Janice's adopted brother. Thus, Willena specifically requested the chancellor to determine if DeMarcus would inherit one one-eighth share of the estate or if DeMarcus would inherit two one-ninth shares of the estate.
¶ 5. On June 21, 2007, a hearing was held on the petition, and a final judgment was entered regarding DeMarcus's shares. The chancellor found that Janice's heirs at law would each receive a one-ninth share of her estate, with the exception of DeMarcus, who would receive two one-ninth shares. The chancellor duly noted "the apparent inequity that is resulting" from her judgment but she stated the matter warranted strict statutory construction. Willena subsequently appealed this determination.

STANDARD OF REVIEW
¶ 6. Whether DeMarcus should receive one or two shares of Janice's estate is a question of law. This Court reviews questions of law de novo. Estate of Yount v. McKnight, 845 So.2d 724, 726(¶8) (Miss. Ct.App.2003) (citing Estate of Jones v. Howell, 687 So.2d 1171, 1174 (Miss.1996)).

DISCUSSION

WHETHER THE CHANCERY COURT ERRED IN DETERMINING THAT DEMARCUS WAS ENTITLED TO TWO SHARES OF JANICE'S NET ESTATE.
¶ 7. This case requires that we analyze the statutory framework surrounding the unique factual circumstances, which are undisputed. Both parties agree that the two determinative statutes are Mississippi Code Annotated section 91-1-3 (Rev.2004), which deals with intestate succession of real property,[2] and Mississippi Code Annotated *810 section 93-17-13 (Supp.2007), which relates the effect of adoption on inheritance. However, the parties disagree on the interpretation and outcome of these two statutes when read together.
¶ 8. Section 91-1-3 provides in relevant part that when an individual dies intestate, the following occurs:
When there shall not be a child or children of the intestate nor descendants of such children, then to the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent's share.
Miss.Code Ann. § 91-1-3. DeMarcus's mother, Stephanie, was the decedent Janice's sister. This statute preserves the right of DeMarcus to inherit his deceased mother's portion of Janice's estate, as his mother's sole descendant. Thus, under this statute, DeMarcus would receive an equal share of Janice's net estate, also divided among Janice's other heirs at law.
¶ 9. The other applicable statute, section 93-17-13 states in part that:
The final decree [of adoption] shall adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interests of the child; and its effect, unless otherwise specifically provided, shall be that (a) the child shall inherit from and through the adopting parents and shall likewise inherit from the other children of the adopting parents to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi....
Miss.Code Ann. § 93-17-13 (emphasis added). This section clearly provides that DeMarcus, as the adopted son of Janice's mother and father (his natural grandparents), would be treated as Janice's adopted brother for inheritance purposes. Because the adoption at issue occurred between related family members, an unusual situation arises, as DeMarcus occupies two positions for inheritance purposes: as the sole heir to his mother's share of Janice's estate through the statutory right of representation, and as Janice's adopted sibling.
¶ 10. Case law in Mississippi is also clear that, in the absence of a statute or decree to the contrary, an adoptive child inherits from both natural and adoptive parents. Sledge v. Floyd, 139 Miss. 398, 407-08, 104 So. 163, 165 (1925) (adoption statute not "intended to deprive children of their rights to inherit from their natural parents and blood relatives"; adopted child held entitled to portion of natural grandfather's estate). In the more recent authority, Alack v. Phelps, 230 So.2d 789, 793 (Miss.1970), the Mississippi Supreme Court has continued to hold that Mississippi's adoption statutes do not terminate the right of the child to inherit from his natural parents. See also Warren v. Foster, 450 So.2d 786, 787 (Miss.1984) (holding that the right of an adoptive child to inherit from both natural and adoptive parents remains pursuant to section 93-17-13). The Alack court notes this holding is in accordance with the clear intent of the Legislature, stating:
While the effect of a final decree of adoption is that the natural parent or parents will not inherit by or through *811 the child, and all parental rights are terminated, Mississippi's adoption law does not state in any shape, form or fashion that the right of the child to inherit from its natural parents is terminated. We think the intent of the legislature is clear; they intended for the child to continue to inherit from his or her natural parents.
Alack, 230 So.2d at 792-93 (emphasis added) (citing Sledge, 139 Miss. at 408, 104 So. at 165; 2 C.J.S. Adoption of Children § 63(c) (1936) (in absence of statute to the contrary, adopted child "still inherits from or through his blood relatives, or his natural parents")); see also Robert A. Weems, Wills and Administration of Estates in Mississippi, § 1:9 (3rd ed.2003) (as statute is silent regarding child's right to inherit from "natural family and their kindred[,]... the right to inherit that the child had prior to the adoption remains intact"). The public policy behind continuing to allow adoptive children to inherit from their natural parents is "to protect minor children from losing their birthright without consent or knowledge. The tendency of the courts is to construe adoption statutes so as to benefit the child." Estate of Yount, 845 So.2d at 727(¶ 10) (citing Alack, 230 So.2d at 792-93). Additionally, Alack pronounces that since adoption statutes are in derogation of the common law, they are to be strictly construed. Alack, 230 So.2d at 793.
¶ 11. Willena bases her argument on rules of statutory construction. She cites the axiom that when two statutes encompass the same subject matter, they must be read together, along with the legislative intent. Wilbourn v. Hobson, 608 So.2d 1187, 1191 (Miss.1992). The majority of Willena's argument, however, relies on the doctrine in pari materia. This doctrine of statutory construction states that if a statute is ambiguous, the court must resolve the ambiguity by interpreting the statute consistently with other statutes on the same or similar subject matter. State ex rel. Hood v. Madison County, 873 So.2d 85, 90(¶ 19) (Miss.2004). Accordingly, Willena claims that Mississippi's intestate succession statute, section 91-1-3, should be construed in pari materia with the adoption statute, section 93-17-13. To utilize this doctrine, the legislative intent as a whole must be derived from the statutes at issue, as the inconsistencies of one statute may be resolved by looking at another statute on the same subject. Wilbourn, 608 So.2d at 1191. Willena concludes that legislation on the same subject matter must be harmonized to fit into the dominate policy of their subject matter, citing Andrews v. Waste Control, Inc., 409 So.2d 707, 713 (Miss.1982).
¶ 12. Willena contends that the legislative intent of section 93-17-13 is to elevate the adopted child to the same level as the natural child, but not to raise the adoptive child higher than the natural child. The ultimate effect of the chancellor's ruling, Willena claims, goes further than the Legislature intended and has the effect of penalizing the other heirs at law. Willena argues that the better analysis is to have DeMarcus inherit, under the laws of descent and distribution, from Janice solely as the adopted brother of Janice. Willena explains this will protect the right of DeMarcus as an adoptive child toward his adoptive family. Further, she claims that the rights of DeMarcus as an adopted brother have superceded his rights as a descendant of his deceased motherJanice's natural sister.
¶ 13. We are not persuaded by Willena's arguments. We agree with the chancellor that strict statutory constructiongiving full effect to both statutesis necessary in this situation, even though it results in DeMarcus's receiving a greater *812 share than the other heirs of Janice. It is clear that DeMarcus has the right to inherit pursuant to both section 91-1-3 and section 93-17-13. It is the norm that every adoptee may inherit under both of these statutes, and in fact, it is statutorily required. This case has an unusual outcome only because the adoptive parents and the natural parent are related. We find no instance where Mississippi's inheritance statutes force the heir to choose under which statute he will inherit, as Willena advocates. In the absence of a legislative enactment which states otherwise, DeMarcus may inherit as both an adopted sibling of Janice and as the son of Janice's natural sister, Stephanie.
¶ 14. In response to Willena's arguments on statutory construction, we find that it is the unusual factual circumstance of the case which leads to the unusual legal result, not inconsistencies between the statutes themselves. The two statutes are not in conflict or ambiguous, as required in order to apply the doctrine of in pari materia. Therefore, "harmonizing" the statutes to produce a more logical outcome is improper. Even if we were to interpret the statutes in pari materia, when we examine the legislative intent of similar statutes, we find the chancellor's ruling proper. As Alack states regarding Mississippi's adoption statutes, "the legislative intent is clear; they intended for the child to continue to inherit from his or her natural parents." Alack, 230 So.2d at 793. This clearly expressed legislative intent is in direct conflict with Willena's proposed solution, which is to ignore DeMarcus's birthright position as the heir to his mother's share of the estate and allow him to inherit only as the decedent's adopted brother. The adoption statute clearly does not terminate the right of the adopted child to inherit from his or her natural parent or blood relative. Alternatively, ignoring DeMarcus's adoptive status flies in the face of the legislative intent as well, because the adoption statutes were created to protect the child. Even though, in this unique instance, because the adopted parents are related to the natural parent, the "protection" places the "adopted," but also related, child in a higher position than the other related heirs at law, it is well established in Mississippi that adoption statutes must be strictly construed, as they are in derogation of the common law. Alack, 230 So.2d at 793.
¶ 15. As for Willena's claims that DeMarcus's inheriting two shares of the estate is inequitable, we find that any other result would contradict the legislative policy established through the adoption statute to protect the inheritance rights of adopted children. In this special circumstance, where the adoptive parents are related to the adopted child and to one of the child's natural parents, any perceived inequity of a dual inheritance could be eliminated by limiting the adopted child's right to inherit from the adoptive kindred in the final adoption decree. See Miss. Code Ann. § 93-17-13 (providing that the final decree of adoption shall adjudicate that the child shall inherit from and through the adopting kindred "unless otherwise specifically provided").
¶ 16. Finally, we find it unnecessary to distinguish the case law from other jurisdictions that Willena cites that have allowed or disallowed dual inheritances in a variety of situations. The determinative law of this case is statutory and specific to Mississippi.

CONCLUSION
¶ 17. Based on the foregoing reasons, we find the chancellor did not err in ruling that DeMarcus is entitled to two one-ninth shares of Janice's estate. Accordingly, we *813 affirm the judgment of the Chancery Court of Pike County.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Willena and Edward adopted another child, Shirley Rosetta on April 18, 1997, as well; however, she is not a descendant of one of Janice's natural siblings.
[2] Mississippi Code Annotated section 91-1-11 (Rev.2004) provides that unbequeathed personal estate shall descend in the same manner as real estate.