468 So.2d 84 (1985)
Patricia McLEMORE, Brenda McLemore, Allen McLemore and Michael McLemore, Minors, By and Through their Father, David McLemore
v.
William GAMMON and Mary Gammon.
No. 55515.
Supreme Court of Mississippi.
May 8, 1985.
*85 Jim W. Rose, John V. Woodfield, Gulfport, for appellant.
Peter Halat, Halat & Sherry, Matt G. Lyons, Biloxi, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from a judgment of the Circuit Court of Harrison County, Mississippi. The appellants, the McLemores, aggrieved with the lower court's holding have perfected an appeal to this Court.
This case presents the question of whether the surviving adoptive brothers and sisters of a child killed in an automobile collision have the right to bring suit under Mississippi's wrongful death statute, Mississippi Code Annotated section 11-7-13 (Supp. 1984), to the exclusion of the natural brothers and sisters of such adoptive child.
Ronnie Dale McLemore Gammon was born on September 13, 1966 and adopted by William and Mary Gammon on June 30, 1972. Ronnie Dale was killed in an automobile collision on April 6, 1982.
On April 15, 1982 a complaint was filed in circuit court by and on behalf of Ronnie Dale McElemore Gammon's natural brothers and sisters against David Franklin Parr and William Bert Parr for the wrongful death of Ronnie. They also named as parties plaintiff the adoptive parents, William and Mary Gammon. The adoptive brothers and sisters of Ronnie Dale were not named as parties plaintiff. The McLemore's attorney, who filed the case had advised the Gammons that only one suit could be filed pursuant to Mississippi Code Annotated section 11-7-13 (Supp. 1984), known as our wrongful death statute and that this right was vested in the McLemores.
The Gammons obtained the services of another attorney who wrote to the attorneys representing the McLemores discharging them from representing the Gammons with respect to any further action taken in regard to Ronnie Dale's death as there was a conflict between the interest of the Gammon children and that of the McLemore children.
On May 11, 1983, a motion for declaratory judgment and related relief was filed by the McLemore's attorney asking the court to declare the McLemore children and the adoptive brothers and sisters and adoptive parents of Ronnie Gammon as those entitled to recover under section 11-7-13 and that the McLemore's attorney be declared the attorney of record.
The Gammons and the adoptive brothers and sisters of Ronnie Gammon on May 19, 1983 filed their response to the McLemore's motion, also a motion to disqualify and dismiss the McLemore's attorney, and a motion for ratification of representation by succeeding counsel and a motion to intervene.
Following a hearing, the circuit judge entered a judgment dismissing the McLemore children adjudicating that the McLemores had no litigable right, standing, interest or capacity to sue, or to recover proceeds for the death of Ronnie Gammon. Furthermore, the court ruled that Mr. and Mrs. Gammon and the adoptive brothers and sisters were the only parties entitled to sue for the wrongful death of the adopted child, Ronnie Dale Gammon.
*86 The appellants contend that the legislature has not excluded the natural brothers and sisters of an adopted child from recovering under the wrongful death statute, and that they are entitled to share equally the damages received, if any, with the adoptive parents and adoptive brothers and sisters of the deceased.
They concede that Mississippi Code Annotated section 93-17-13 precludes them from inheriting from Ronnie Gammon but contend that section 11-7-13 gives them the right to maintain an action for his wrongful death.
Our wrongful death statute, section 11-7-13, states in pertinent part:
Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, . .. as would, if death had not ensued, have entitled the party injured or damaged thereby ... to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstand the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought ... by the parent for the death of a child, ... or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned... .

Any rights which a blood parent or parents may have under this section are hereby conferred upon and vested in an adopting parent or adopting parents surviving their deceased adopted child, just as if the child were theirs by the full blood and had been born to the adopting parents in lawful wedlock. (Emphasis added).
Mississippi's adoption statute, section 93-17-13, provides in part:
... .
The final decree shall adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interests of the child; and its effect, unless otherwise specifically provided, shall be that (a) the child shall inherit from and through the adopting parents and shall likewise inherit from the other children of the adopting parents to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi, and that the adopting parents and their other children shall inherit from the child, just as if such child had been born to the adopting parents in lawful wedlock; (b) the child and the adopting parents and adoptive kindred are vested with all of the rights, powers, duties and obligations, respectively, as if such child had been born to the adopting parents in lawful wedlock, including all rights existing by virtue of section 11-7-13 [wrongful death statute], Mississippi Code of 1972; provided, however, that inheritance by or from the adopted child shall be governed by subsection (a) above; (c) that the name of the child shall be changed if desired; and (d) that the natural parents and natural kindred of the child shall not inherit by or through the child except as to a natural parent who is the spouse of the adopting parent, and all parental rights of the natural parent, or parents, shall be terminated, except as to a natural parent who is the spouse of the adopting parent. Nothing in this chapter shall restrict the right of any person to dispose of property under a last will and testament. (Emphasis added).
Although our wrongful death statute does not specifically exclude the natural brothers and sisters of a sibling adopted by others from bringing suit for the wrongful death of the adopted child, that statute must be read in pari materia with our adoption statute, section 93-17-13, in order to garner the intent of the legislature.
*87 In so doing that part of the adoption statute, 93-17-13, which provides that "... the child and the adopting parents and adoptive kindred are vested with all of the rights, powers, duties and obligations, respectively, as if such child had been born to the adopting parents in lawful wedlock, including all rights existing by virtue of section 11-7-13, (wrongful death statute) Mississippi Code of 1972; ... and (d) that the natural parents and natural kindred of the child shall not inherit by or through the child except as to a natural parent who is the spouse of the adopting parent, and all parental rights of the natural parent, or parents, shall be terminated, except as to a natural parent who is the spouse of the adopting parent ..." is most persuasive that the circuit court judge was correct in holding that the natural brothers and sisters, the McLemores, were not proper parties plaintiff in the wrongful death action.
In Dodds v. Deposit Guaranty National Bank, 371 So.2d 878 (Miss. 1979) citing from In Re Schwab, 355 Pa. 534, 50 A.2d 504 (1947), we stated: "... a valid adoption severs the child from its natural family tree and engrafts it upon that of its new parentage. Thereafter the child attains the status, in law, of a natural child of the adopting parents; ... ." (Emphasis added). If the law were otherwise, in most cases, the natural brothers and sisters would be recovering for the wrongful death of an adopted brother or sister they have never known or seen. Such, was never the intent of the legislature. It would be less than logical to hold that the McLemores could not inherit from or through Ronnie Dale but that they could sue for his wrongful death. A reading of the wrongful death statute in pari materia with the adoption statute compels our holding today.
For the reasons stated above, we are of the opinion that the circuit court judge was eminently correct in dismissing the McLemore children as parties plaintiff to the wrongful death action. The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.